IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LYNDA L. OTT, | )<br>) |
| Plaintiff, | )  4:03cv3144<br>) |
| vs. | )  MEMORANDUM AND ORDER<br>) |
| JOHN E. POTTER, | )<br>) |
| Defendant. | ) |

This matter is before the court on: (1) filing no. 40, the Motion for Leave to Proceed In Forma Pauperis ("IFP") filed on August 7, 2006, by the plaintiff, Lynda L. Ott; (2) filing no. 39, the plaintiff's Notice of Appeal filed on August 7, 2006; and (3) filing no. 41, a Memorandum in which the Clerk of Court advises that the plaintiff's Notice of Appeal appears to be untimely. The plaintiff appeals the Memorandum and Order and accompanying Judgment entered in this case on May 18, 2004 (filing nos. 26 and 27).

Although the plaintiff qualifies financially to proceed IFP on appeal, the plaintiff's present appeal from the judgment in this case is untimely. The time limits in Fed. R. App. P. 4 for filing a notice of appeal in the district court are mandatory and jurisdictional, so that failure to file a timely notice of appeal deprives an appellate court of jurisdiction to consider the merits of the appeal. See, e.g., Arnold v. Wood, 238 F.3d 992, 994-95 (8th Cir.), cert. denied, 238 F.3d 992 (2001); Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 462-64 (8th Cir.), cert. denied, 531 U.S. 929 (2000).

I entered judgment on May 18, 2004. Although the plaintiff initially filed a timely Notice of Appeal, she failed to comply with court orders to pay the appellate filing fee or file an IFP motion. On July 19, 2004 (filing no. 38), the Eighth Circuit Court of Appeals dismissed the plaintiff's appeal. Therefore, as the appeal of this action has already been dismissed, the current Notice of Appeal (filing no. 39) is invalid. In addition, the current Notice of Appeal and Motion to Proceed IFP are almost two years too late. See Fed. R. App. P. 4.

The content of filing nos. 39 and 40 suggest that the plaintiff may have some

dissatisfaction with the conduct of her attorney during the prosecution of this action before the entry of judgment.  If so, the plaintiff may consider whether she has a basis for litigation against the attorney in the state courts.  However, claims of attorney negligence or discrimination do not furnish a basis for a new appeal, a new trial or relief from judgment in this case or  for reopening any closed case two years after final disposition of the litigation.

THEREFORE, IT IS ORDERED:

1. That as the plaintiff's Notice of Appeal (filing no. 39) from the judgment in this action is untimely, the Clerk of Court shall forward a copy of this Memorandum and Order to the parties and to the Eighth Circuit Court of Appeals; and

2. That filing no. 40, the plaintiff's Motion for Leave to Proceed In Forma Pauperis is denied as moot.

August 10, 2006.           BY THE COURT:


s/ *Richard G. Kopf*
United States District Judge